# Wallace's Estate.

*Parent and child—Adoption—Contract.*

An indenture of apprenticeship concluded as follows: "Although the
present instrument binds the above-named child, strictly as an appren-
tice, it is, nevertheless, the true intention of the parties of the first part to
place, and of the party of the second part to receive said apprentice
as an adopted child, to reside in the family of the party of the second
part, and to be maintained, clothed, educated and treated as far as

practicable, with like care and kindness as if he were in fact the child of the said party of the second part." *Held*, that the indenture did not constitute the child an adopted son and heir of the master.

Argued March 14, 1907. Appeal, No. 17, Jan. T., 1907, by A. R. Brittain, ancillary administrator c. t. a., from decree of O. C. Monroe Co., dismissing exceptions to auditor's report in Estate of William Wallace, deceased. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Exceptions to report of Harvey Huffman, Esq., auditor.
The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*John G. Johnson*, with him *Edward R. Loud* and *Henry J. Kotz*, for appellant.—The cardinal fact is the intent of the adopting parent : Peterson's Estate, 212 Pa. 453 ; Ballard v. Ward, 89 Pa. 358.

Although an alleged adoption be invalid because of non-compliance with statutory requirements, yet the attempted adoption may be given effect upon the death intestate of one of the adopting parents, on the ground of a contract to leave his property to the child, where the contract has been performed by the latter by rendering the services due from a child to its parents : Susman's Estate, 45 Pitts. Leg. J. 101 ; Van Tine v. Van Tine, 15 Atl. Repr. 249 ; Wright v. Wright, 99 Mich. 170 (58 N. W. Repr. 54) ; Healey v. Simpson, 113 Mo. 340 (20 S. W. Repr. 881).

*A. Mitchell Palmer*, with him *John B. Williams*, for appellee.—There was no legal adoption : Ballard v. Ward, 89 Pa. 362.

A case bearing a striking resemblance to the case at bar, particularly in the form of the indenture, is McCully's Appeal, 10 W. N. C. 80.

A child by adoption cannot inherit from the parent by adoption unless the act of adoption has been taken in strict accordance with the statute : Furgeson v. Jones, 3 L. R. A. 620 ; Foley v. Foley, 61 Ill. App. 577 ; Taylor v. Deseve, 81 Texas, 246 (16 S. W. Repr. 1008) ; Fuselier v. Masse, 4 La. 423.

The claimant has no right to inherit under an alleged contract of adoption : McCann's Est., 9 Pa. Dist. Rep. 184.

OPINION BY MR. JUSTICE FELL, April 29, 1907 :

The question in this case is whether Charles Brandies, whose administrator is appellant, was the adopted son of William Wallace. It appears from the findings of the auditor, approved by the court, that in 1861 William Wallace received from the American Female Guardian Society of New York and took to his home in Stroudsburg, Pa., two orphans, a brother and sister, Charles Brandies and Emily Brandies, aged eight and ten years. Both children were afterwards known by the name of Wallace. Neither Mr. Wallace nor his wife wanted the boy, but the society refused to have him separated from his sister. He lived in the home of Mr. Wallace a short time, when he went to the home of Mrs. Huntsman in the same town. He attended school irregularly and was about Mr. Wallace's place of business, but performing no services for him, until he became eighteen years of age, when he went to Michigan to live with Mr. Wallace's brother. He remained there four or five years, when he returned to Stroudsburg, and for a few months acted as a clerk in Mr. Wallace's store. He went back to Michigan in 1876, and died there in 1905. After his return to Michigan he maintained no relation of business or friendship with Mr. Wallace or his family. His conduct had at all times been unsatisfactory to Mr. Wallace, who never expressed an intention to give him the right of an heir. The girl was a member of Mr. Wallace's family until her marriage, and thereafter their relations were friendly and confidential. Mr. Wallace expressed his intention to make her his heir, and in 1902 presented a petition for her adoption as his daughter, which was proceeded with regularly to final decree. He died intestate in 1903.

If there was an adoption of Charles Brandies, it was effected by the agreement under which he was received from the American Female Guardian Society. The important parts of this agreement, following the recital that Charles Brandies had been surrendered by his parents to the society, and that William Wallace had applied to the managers " to put out and place the said child with him by adoption and as an ap-

prentice, until said child shall arrive at the age of twenty-one years," are " That the parties of the first part . . . . do put, place and bind out the said Charles Brandies as an apprentice unto the party of the second part to dwell with and serve him from the day of the date of these presents until the said apprentice shall attain the full age of twenty-one years. During all of which time the said apprentice shall serve . . . . and shall honestly, orderly and obediently in all things demean and behave himself towards his said employer and all others. And the party of the second part doth covenant and agree . . . . to provide and allow unto the said apprentice . . . . meat, drink, apparel, and other things necessary and fit for the apprentice . . . . and shall cause the said apprentice to be taught and instructed . . . . and shall give to the said apprentice at the expiration of the said term of service a new bible, one hundred dollars in money, . . . . and shall cause said apprentice to attend public worship . . . . and shall not allow the said apprentice to be absent from the service of his said master without express leave or suffer him to haunt ale houses, taverns . . . . but will exert his authority to cause and procure the said apprentice to behave himself in all things, as a faithful apprentice ought to do, during the term aforesaid." It is further provided, " that if the said apprentice or indenturing committee shall at any time within three months . . . . become dissatisfied with his situation or employment or the party of the second part shall at any time within that period become dissatisfied with the apprentice," the indenture shall be canceled.

Thus far it is an indenture of apprenticeship in the ordinary form. The clause of the agreement upon which the appellant's claim is based is as follows : " Although the present instrument binds the above-named child, strictly as an apprentice, it is, nevertheless, the true intention of the parties of the first part to place, and of the party of the second part to receive, said apprentice as an adopted child, to reside in the family of the party of the second part, and to be maintained, clothed, educated and treated as far as practicable, with like care and kindness as if he were in fact the child of the said party of the second part."

If the fullest meaning of which this clause is susceptible

consistent with the before clearly expressed intention of the parties be given it, it refers only to the treatment of the apprentice during the term of apprenticeship. He is to be received as an adopted child would be received, to reside in the master's family, and to be maintained and treated " with like care and kindness as if he were in fact the child of the party of the second part." The relation established was to end when the apprentice became of age. There is not the slightest suggestion of an intention to confer upon him any right of inheritance.

The decree of the court confirming the report of the auditor is affirmed at the cost of the appellant.